# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.     2:25-cv-03192-CAS-AJR                                Date:  April 14, 2025
                                                                  Page 1 of 2

Title:       Warren Fred Nelson v. Santa Monica Police Department, et al.

DOCKET ENTRY:  **ORDER TO SHOW CAUSE RE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO PROVIDE A MAILING ADDRESS**

PRESENT:

**HONORABLE A. JOEL RICHLIN, UNITED STATES MAGISTRATE JUDGE**

| Claudia Garcia-Marquez | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None Present | None Present |

**PROCEEDINGS:  (IN CHAMBERS)**

On April 8, 2024, *pro se* plaintiff Warren Fred Nelson ("Plaintiff"), filed a civil rights complaint (the "Complaint") against the Santa Monica Police Department and variety of other defendants. (Dkt. 1.)  Plaintiff did not include a mailing address on the Complaint or any of his other filings.  Plaintiff is advised that the Central District's Local Rule 11-3.8 requires the first page of all documents filed with the Court to contain the address "of the attorney or a party appearing pro se presenting the document."  C.D. Cal. Loc. R. 11-3.8.  Local Rule 41-6 also requires a party proceeding *pro se* to keep the Court and all other parties informed of the party's current address:

> A party proceeding *pro se* must keep the Court and all other parties informed of the party's current address as well as any telephone number and email address. If a Court order or other mail served on a *pro se* plaintiff at his address of record is returned by

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-03192-CAS-AJR                        Date: April 14, 2025
                                                        Page 2 of 2

Title:     Warren Fred Nelson v. Santa Monica Police Department, et al.

the Postal Service as undeliverable and the *pro se* party has not filed a notice of change of address **within 14 days of the service date of the order or other Court document, the Court may dismiss the action with or without prejudice for failure to prosecute.**

C.D. Cal. L.R. 41-6 (emphasis added).

The Court must have an address of record for all parties for service and receipt of filings. Plaintiff is therefore **ORDERED TO SHOW CAUSE** by **April 28, 2025** why the Court should not recommend that this action be dismissed either with or without prejudice pursuant to Local Rule 41-6 due to Plaintiff's failure to provide a mailing address. Plaintiff may satisfy this Order by filing a response with a current mailing address. **Plaintiff is warned that the failure to timely file a response to this Order will result in a recommendation that this action be dismissed either with or without prejudice for failure to prosecute and obey court orders pursuant to Federal Rule of Civil Procedure 41(b).** The Clerk of Court is directed to provide a courtesy copy of this Order to Plaintiff at the email address he listed on his Complaint.

IT IS SO ORDERED.